**EXHIBIT 1**

*1 0 4 9 8 2 5 6 9 4 *

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

JUN 2 9 2021

Caroline Wall

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| LATONYA BROWN, <br> **Plaintiff,** | ) <br> ) <br> ) |
| **v.** | ) <br> ) <br> ) |
| CONNEXIONS LOYALTY <br> ACQUISITION, LLC, <br> **Defendant.** | ) <br> ) <br> ) |

**CJ-2021-01888**

**ATTORNEY LIEN CLAIMED**

---

### ATTORNEY LIEN CLAIMED PETITION

COMES NOW LaTonya Brown ("Brown"), by and through her attorneys of record Howard Berkson and Jakob R. Lancaster of Boston Avenue Law PLLC, and for her Petition against Connexions Loyalty Acquisitions, LLC ("Defendant"), alleges and states as follows:

#### PARTIES AND JURISDICTION

1. Plaintiff Brown is an individual residing in Tulsa County, Oklahoma.

2. Defendant Connexions Loyalty Acquisition, LLC is a foreign limited liability company registered to do business in Oklahoma.

3. Venue is proper in Tulsa County pursuant to Article 9, Section 43 of the Oklahoma Constitution, because Brown resides in Tulsa County and because Brown's cause of action arose in Tulsa County.

4. Brown was an employee of Defendant at all times relevant to this suit.

5. This is a case arising out of Defendant's interference with and retaliation against Brown for taking leave from work pursuant to the Family Medical Leave Act of 1993 ("FMLA").

6. The subject matter of this case is within the broad jurisdiction of Oklahoma District Courts.

#### FACTS

7. All previous paragraphs are reasserted and incorporated herein.

JUN 23 ~ 8:07

8. In the summer of 2020, Brown's pregnant daughter developed a serious health condition as defined in FMLA.

9. Pursuant to FMLA, Brown properly requested job-protected caretaker leave for the period running 15 June, 2020 to 9 August, 2020, inclusively.

10. Brown requested caretaker leave from Defendant in order to care for her daughter in light of her daughter's serious health condition.

11. Brown's request for job-protected leave was granted by Defendant.

12. When Brown returned to work on 10 August, 2020, Defendant terminated her.

13. Chris Dunham, Brown's supervisor, told Brown she was being terminated for missing work on 30 June, 2020 and 1 July, 2020.

14. The shifts Brown allegedly missed occurred during her approved FMLA leave.

15. Undersigned sent a letter notifying Defendant of Brown's claim under FMLA and demanding payment on 27 October, 2020.

16. In response to Brown's demand, Defendant offered to reinstate Brown.  A copy of Defendant's response is attached hereto and labeled **Exhibit A.**

17. Brown accepted Defendant's offer of reinstatement 5 November, 2020.

18. Brown returned to work for Defendant 10 November, 2020.

19. Following Brown's reinstatement, undersigned sent an updated demand for payment of damages to Defendant's counsel 15 December, 2020.  A copy of the updated demand is attached hereto and labeled **Exhibit B.**

20. As of the filing of this Petition, Defendant has not responded to Brown's updated demand.

2

## COUNT ONE: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

## (RETALIATION)

21. All preceding paragraphs are reasserted and incorporated herein.

22. Brown availed herself of a protected right under the FMLA when she requested job-protected leave to care for her daughter.

23. Brown was adversely affected by Defendant's decision to fire her for missing work during job-protected FMLA leave.

24. There is a causal connection between Brown's taking of job-protected FMLA leave and Defendant's decision to fire her, because Defendant's stated reason for firing Brown is that she missed work while on job-protected FMLA leave.

25. Defendant had no legitimate nondiscriminatory reason to fire Brown.

26. When Defendant fired Brown, it retaliated against her for using her right to job-protected leave under FMLA.

27. When Defendant retaliated against Brown, it violated FMLA.

28. Defendant's violation of FMLA was not in good faith.

29. Defendant had no reasonable grounds to believe that firing Brown for not coming to work during job-protected FMLA leave was not a violation of FMLA.

30. Defendant's unlawful retaliation against Brown injured her.

31. Under FMLA, Brown is entitled to damages equal to:

    a.     Wages lost after her termination and prior to her reinstatement, totaling $ 8,316.00.

    b.     Interest on the amount of lost wages, calculated at the prevailing rate,

    c.     An additional amount as liquidated damages equal to the sum of lost wages and interest thereon, calculated at the prevailing rate,

d.      The costs of this action,

e.      A reasonable attorney's fee.

## COUNT TWO: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

## (INTERFERENCE)

32. All preceding paragraphs are reasserted and incorporated herein.

33. Brown was entitled to FMLA leave because she requested leave in order to care for her daughter, who had a serious health condition.

34. When Defendant terminated Brown for missing work during job-protected FMLA leave, Defendant engaged in an adverse employment action.

35. Defendant's adverse employment action against Brown interfered with her right to take job-protected FMLA leave.

36. Defendant's adverse employment action against Brown was related to her exercise of FMLA rights, because Defendant's stated reason for firing Brown was that she missed work during job-protected FMLA leave.

37. Defendant had no legitimate nondiscriminatory reason to fire Brown.

38. When Defendant fired Brown, it interfered with Brown's exercise of her rights under FMLA.

39. When Defendant interfered with Brown's exercise of her rights under FMLA, it violated FMLA.

40. Defendant's violation of FMLA was not in good faith.

41. Defendant had no reasonable grounds to believe that firing Brown for not coming to work during job-protected FMLA leave was not a violation of FMLA.

42. Defendant's unlawful interference with Brown's exercise of her FMLA rights injured her.

43. Under FMLA, Brown is entitled to damages equal to:

f.    Wages lost after her termination and prior to her reinstatement, totaling $ 8,316.00,

g.    Interest on the amount of lost wages, calculated at the prevailing rate,

h.    An additional amount as liquidated damages equal to the sum of lost wages and interest thereon calculated at the prevailing rate,

i.    The costs of this action,

j.    A reasonable attorney's fee.

WHEREFORE, Plaintiff LaTonya Brown prays for judgment against Defendant Connexions Loyalty Acquisition, LLC for the above-referenced claims, and that the Court grant relief in an amount to be determined at trial but in no event less than $ 16,632.00, plus costs, a reasonable attorney fee, and any other relief allowable by law or which the Court deems appropriate.

RESPECTFULLY SUBMITTED

Howard Berkson, OBA No. 31482
Jakob R. Lancaster, OBA No. 34389
Boston Avenue Law PLLC
401 S. Boston Ave., Suite 500
Tulsa, OK 74103
(t) 539.777.1287 / (f) 405.509.7100
Howard@BostonAvenueLaw.com
Jakob@BostonAvenueLaw.com
*ATTORNEYS FOR PLAINTIFF*
*ATTORNEY LIEN CLAIMED*